UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

NATIONAL CITY MORTGAGE CO., )
)
     Plaintiff )
)
   vs.   )   CAUSE NO. 1:07-CV-171 RM
)
MORTGAGE CONCEPTS OF INDIANA, )
INC., et al.,   )
)
     Defendants )

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007). The plaintiff's complaint does not allege the existence of jurisdiction. First, it alleges that "Greg Armstrong is an individual who conducts business at Armstrong Realty, Inc." [¶ 4], "Bradd Fisher is an individual who conducts business at Fisher Property Management, LLC" [¶ 5], and "Justin J.L. Roberts conducted business at Roberts Real Estate Appraisal Services, Inc." [¶ 8], but for diversity purposes the citizenship of an individual is determined by the person's domicile, not residence or place of employment, Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003; Pollution Control Indus. of America, Inc. v. Van Gundy, 21 F.3d 152, 155 n.4 (7th Cir. 1994), and jurisdiction depends on citizenship of each party at the time the case begins. Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). The plaintiff must show the citizenship of each party as of the date the complaint was

filed. <u>Dausch v. Rykse</u>, 9 F.3d 1244, 1245 (7th Cir. 1993). In addition, the complaint alleges that Pekin Insurance Company "is an insurance company domiciled in Pekin, Illinois" [¶ 9], Travelers Casualty & Surety Company of America "is an insurance company domiciled in Connecticut" [¶ 10], and International Fidelity Insurance Company "is an insurance company domiciled in New Jersey" [¶ 11], but a corporation doesn't have a domicile; rather, for diversity purposes the citizenship of a corporation is determined by the place of its incorporation and the location of its principal place of business. 28 U.S.C. § 1332(c).

Although the case may be subject to dismissal on these grounds, <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d at 534, the court instead affords the plaintiff twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:   July 24, 2007

  /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

2