UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| NATIONAL CITY MORTGAGE CO., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:07-CV-171 RM |
| | ) | |
| MORTGAGE CONCEPTS OF INDIANA, INC., et al., | ) | |
| | ) | |
| Defendants | ) | |

OPINION and ORDER

This cause is before the court on the motion of National City Mortgage Co. to file a second amended complaint. After filing its motion to amend, National City filed a motion to dismiss defendant Travelers Casualty & Surety Company of America (a motion joined by Travelers) and a motion to dismiss defendant Midwest Mortgage Brokers, Inc. (to which no objection has been filed). Defendant Bradd Fisher has objected to National City's motion to amend. Mr. Fisher, who moved to dismiss National City's claims against him contained in the amended complaint, says that allowing National City to file a second amended would be futile because the second amended complaint, like the amended complaint, doesn't satisfy the requirements of Federal Rule of Civil Procedure 9 with respect to allegations of fraud. Mr. Fisher says the court should deny National City's motion to file a second amended complaint and dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. National City maintains its

second amended complaint contains allegations sufficient to state a claim against the defendants for fraud and, thus, its motion to amend should be granted and Mr. Fisher's motion to dismiss denied.

Federal Rule of Civil Procedure 9 provides that "[i]n all averments of fraud . . ., the circumstances constituting fraud . . . shall be stated with particularity." FED. R. CIV. P. 9(b). "Rule 9(b) requires heightened pleading of fraud claims in all civil cases brought in the federal courts, whether or not the applicable state or federal law requires a higher standard of proving fraud, which sometimes it does and sometimes it does not." Ackerman v. Northwestern Mut. Life Ins. Co., 172 F.3d 467, 470 (7th Cir. 1999). While Rule 9(b) doesn't require a party to "plead facts that if true would show that the defendant's alleged misrepresentations were indeed false, it does require the plaintiff to state 'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Uni*Quality, Inc. v. Infotronx, Inc., 974 F.2d 918, 923 (7th Cir. 1992); *see also* Borsellino v. Goldman Sachs Group, Inc., 477 F.3d 502, 507 (7th Cir. 2007) (plaintiffs claiming fraud "must do more pre-complaint investigation to assure that the claim is responsible and supported, rather than defamatory and extortionate" (internal quotation omitted)).

The plaintiff's fraud allegations are found in Count III of the second amended complaint. National City alleges that Mortgage Concepts, Midwest Mortgage Brokers, Jason Currington, Aaron Clay, Justin Roberts, Aaron Rollins, Greg

2

Armstrong, and Bradd Fisher "together and/or individually made material misrepresentations and/or misrepresentations to National City upon which National City relied in underwriting and funding" certain loans and that those misrepresentations "were part of the information contained in the loan applications, appraisals and closing documents" submitted to National City. The referenced exhibits[1] contain more specific information about the twenty-three loans at issue: each loan is identified with the name of the borrower, the closing date of the loan, and the address of the subject property; the appraiser and appraisal related to each loan is referenced; and the allegations of fraud relating to each loan are detailed, including the identity of the defendant(s) and the misrepresentation(s) involved.

Mr. Fisher says National City's allegations that the defendants "either together and/or individually" engaged in certain conduct are insufficient to state a claim for fraud. Had National City ended its allegations with those contained in Count III, the court would agree. *See, e.g.,* Vicom, Inc. v. Harbridge Merchant Servs., Inc., 20 F.3d 771, 777 (7th Cir. 1993) (noting that generalized allegations of fraud against defendants, without specifying a particular actor, fell short); Sears v. Likens, 912 F.2d 889, 893 (7th Cir. 1990) (rejecting fraud claims that "lump[ed] all the defendants together and [did] not specify who was involved in what activity") is insufficient to satisfy Rule 9(b)). But based a reading of the entirety of National

---

[1] Although National City refers to Exhibits B and C in its proposed second amended complaint, those exhibits, which are attached to the original and amended complaints, are not attached to the second amended complaint.

3

City's second amended complaint and referenced exhibits, the court concludes that the allegations are sufficient to inform the defendants of the claims of fraud against them. The complaint together with the exhibits identifies the subject matter and date of each of the loans and appraisals at issue, summarizes the misrepresentations relating to those loans and appraisals, and names the defendant(s) alleged to have been involved with the loans, appraisals, and misrepresentations. National City asserts that it has suffered damages as a result of the fraudulent conduct of those defendants related to the loans and appraisals.

A claim of fraud must allege "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Kennedy v. Venrock Assocs., 348 F.3d 584, 593 (7th Cir. 2003). National City's proposed second amended complaint contains allegations sufficient to meet the heightened pleading requirements of Rule 9(b) and assert a fraud claim against the defendants named in Count III. Accordingly, the court

    (a) GRANTS National City's motion to file a second amended complaint [docket # 25];

    (b) DENIES the motion to dismiss of defendant Bradd Fisher [docket # 22];

    (c) GRANTS National City's motion to dismiss defendant Midwest Mortgage Brokers, Inc. [docket # 35];

(d) GRANTS the joint motion to dismiss defendant Travelers Casualty & Surety Company of America [docket # 36]; and

(e) AFFORDS National City ten days from this date to submit a second amended complaint in accordance with this order.

SO ORDERED.

ENTERED:   November 2, 2007

    /s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court